# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANNETTE TINDALL,**

        **Plaintiff,**

**Civil Action**

**No. 10-2364-EFM-DJW**

v.

**FREIGHTQUOTE.COM, INC.,**

        **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's pleading entitled "Suggestions in Opposition to Defendant's Motion for Extension of Time to File Defendant's Motion to Compel Discovery (ECF No. 42),which the Court construes as a Motion to Reconsider its May 2, 2011 Order (ECF No. 33), and which has been docketed as such. For the reasons set forth below, the Court denies the motion.

**I.    Background Facts**

On May 2, 2011, the Court granted Defendant's Motion for Extension of Time to File Motion to Compel Discovery (ECF No. 31) ("Motion for Extension of Time").[1] In its Motion for Extension of Time, Defendant stated that "[c]ounsel for Defendant has conferred with counsel for Plaintiff, who has no objection to the court granting the relief requested herein."[2] Based in part on that statement, the Court granted the motion.

---

[1] *See* May 2, 2011 Order (ECF No. 33).

[2] Def.'s Mot. for Extension of Time (ECF No. 31) at 2.

At the time Defendant filed its Motion for Extension of Time and at the time the Court granted the motion, Plaintiff was represented by counsel. Plaintiff's counsel has since been granted leave to withdraw, and Plaintiff is now proceeding pro se.

Plaintiff argues in her pleading that Defendant's Motion for Extension of Time is untimely under D. Kan. Rule 37.1(b). That rule requires any motion to compel discovery to be filed within thirty days of the default or service of the response, answer or objection that is the subject of the motion, unless the Court extends the time filing for such a motion for good cause.[3] Plaintiff further argues that Defendant has failed to show good cause or excusable neglect for allegedly failing to comply with D. Kan. Rule 37.1(b).

## II.     Standard for Ruling on a Motion for Reconsideration

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration,[4] the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings.[5] Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest

---

[3] D. Kan. Rule 37.1(b).

[4] *Hatfield v. Bd. of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995).

[5] Because the Court's May 2, 2011 Order did not dispose of the case or any claims or defenses pled in the case, it is considered non-dispositive.

injustice."[6] Whether to grant or deny a motion for reconsideration is committed to this Court's sound discretion.[7]

"A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence."[8] The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.[9]

## III. Discussion

Plaintiff fails to show that there has been any change of law or that new evidence is available that would require the Court to reconsider its ruling on Defendant's Motion for Extension of Time. Nor does Plaintiff show that reconsideration is required to correct any clear error or to prevent manifest injustice. While Plaintiff was represented by counsel, her attorney, Charles Scott, Jr., was consulted by Defendant's attorney, and Mr. Scott indicated no opposition to Defendant's motion. Plaintiff cannot now take the opposite position and ask the Court to reverse its ruling.

---

[6] D. Kan. Rule 7.3(b).

[7] *Coffeyville Res. Ref. & Mktg., LLC*, 748 F. Supp. 2d 1261,1264 (D. Kan. 2010) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[8] *Doerge v. Crum's Enters, Inc.,* No. 05-1019-JTM, 2007 WL 1202450, at *1 (D. Kan. Apr. 23, 2007) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1989)).

[9] *Classic Communc'ns, Inc. v. Rural Tel. Serv., Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998) (citations omitted).

For these reasons, the Court, in its discretion, declines to reconsider its May 2, 2011 Order, and denies Plaintiff's Motion to Reconsider.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 42) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 5th day of May 2011.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc: All counsel and *pro se* parties