# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANNETTE TINDALL,

    *Plaintiff*,

vs.

FREIGHTQUOTE.COM, INC.,

    *Defendant.*

Case No. 10-2364-EFM

## MEMORANDUM AND ORDER

Plaintiff Annette Tindall filed suit against Defendant Freightquote.com, Inc. in July 2010. On April 26, 2011, the parties participated in a court-ordered settlement conference. At the conclusion of the settlement conference, the parties agreed on the record that the matter had been settled. Before the Court is Defendant Freightquote.com, Inc.'s Motion to Enforce Settlement (Doc. 36). For the following reasons, the Court grants Defendant's motion.

### I. Factual and Procedural Background

Plaintiff Annette Tindall filed suit generally alleging that Defendant Freightquote.com, Inc. engaged in unfair employment practices against her. The parties apparently engaged in three unsuccessful mediations. On April 4, 2011, United States Magistrate Judge David. J. Waxse set a settlement conference for April 26, 2011 and issued an Order and Notice of Settlement Conference on April 11, 2011.

On April 26, 2011, the parties attended the settlement conference, and the parties reached a settlement. At the request of Judge Waxse, each of the parties and their attorneys orally affirmed on the record that they agreed to the terms of the settlement as recited by Judge Waxse in court. A minute sheet filed on April 26, 2011 indicated that a settlement conference occurred on that date, and the case settled.

On April 28, 2011, Plaintiff informed her counsel that she did not intend to sign the settlement agreement and did not agree to the terms. One day later, Plaintiff's counsel filed a motion to withdraw as counsel. Defendant then filed a Motion to Enforce Settlement asserting that Plaintiff agreed to the terms of the settlement on the record. Plaintiff, now proceeding pro se, opposes the motion.

## II. Legal Standard

"A trial court has the power to summarily enforce a settlement agreement between the parties to a case which is still pending in that court."[1] Because settlement agreements are contracts, whether a settlement agreement is binding is generally governed by state law.[2]

In Kansas, "[t]he law favors agreements to compromise and settle disputes, and absent bad faith or fraud, parties who have entered into a settlement agreement will not be allowed to repudiate it."[3] "The mere mistake of fact on the part of one of the parties to a release, in the absence of fraud, duress, undue influence, or mental incapacity, is not sufficient ground for the avoidance of a

---

[1] *Lowery v. Cty. of Riley*, 738 F. Supp. 2d 1159, 1167-68 (D. Kan. 2010).

[2] *Id.* at 1168; *see also United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).

[3] *Lowery*, 738 F. Supp. 2d at 1168 (citing *Advantage Properties, Inc. v. Commerce Bank, N.A.*, 242 F.3d 387, 2000 WL 1694071, at *2 (10th Cir. 2000)).

release."[4] Furthermore, "[s]ettlement agreements need not be in writing to be enforceable under Kansas law."[5]

To form a binding contract, there must be a meeting of the minds as to all essential terms.[6] "To constitute a meeting of the minds, the parties must have a fair understanding which normally accompanies mutual consent and the evidence must show with reasonable definiteness that the minds of the parties met upon the same matter and agreed upon the terms of the contract."[7] "In determining intent to form a contract, the test is objective, rather than subjective, meaning that the relevant inquiry is the manifestation of a party's intention, rather than the actual or real intention."[8]

### III. Discussion

Defendant seeks enforcement of the agreement the parties entered into on April 26, 2011 during a court-ordered settlement conference. During this settlement conference facilitated by Judge Waxse, the parties agreed on the record that they had reached an agreement. Judge Waxse set forth the terms of the agreement.[9] Although there initially appeared to be confusion on Plaintiff's part with respect to how the money was to be divided between attorney's fees and wages, Judge Waxse went through the terms and questioned Plaintiff as to whether that was the agreement. Plaintiff stated "yes, this is what I agreed to."

---

[4] *Fieser v. Stinnett*, 212 Kan. 26, 30, 509 P.2d 1156, 1159-60 (1973).

[5] *Lowery*, 738 F. Supp. 2d at 1168 (citing *Lewis v. Gilbert*, 14 Kan. App. 2d 201, 203, 785 P.2d 1367 (1990)).

[6] *Id.* (citing *Augusta Bank & Trust v. Broomfield*, 231 Kan. 52, 60, 643 P.2d 100 (1982)).

[7] *Stephenson v. Young*, 2011 WL 2112021, at *2 (D. Kan. May 26, 2011) (citing *Steele v. Harrison*, 220 Kan. 422, 428, 552 P.2d 957, 962 (1976)).

[8] *Lowery*, 738 F. Supp. 2d at 1168 (internal quotation and citations omitted).

[9] The Court has reviewed the sealed transcript of the proceeding before Judge Waxse on April 26, 2011 (Doc. 41). However, the Court will not set forth the specific terms that were discussed as the parties agreed to the confidentiality of those terms.

Plaintiff appears to argue that her attorney did not have the authority to bind her to the settlement agreement. The problem with Plaintiff's argument is that she appeared in Court before Judge Waxse and personally affirmed on the record that she assented to the agreement. As such, Plaintiff's agency argument is without merit. The transcript reflects that the parties agreed to the essential terms of their settlement with reasonable definiteness. As such, the Court finds that the parties' oral settlement agreement is enforceable.

Defendant requests attorney's fees for bringing this motion to enforce the settlement agreement. Although Defendant cites to several cases for the proposition that a court may award attorney's fees when a party has to file a motion to enforce a settlement agreement, the facts in those cases are distinguishable and do not support attorney's fees in this case.[10] As such, Defendant's request for attorney's fees is denied.

**IT IS ACCORDINGLY ORDERED** that Defendant's Motion to Enforce Settlement (Doc. 36) is **GRANTED**. The Clerk of the Court is directed to enter judgment dismissing this case with prejudice, as the case has been settled by the parties pursuant to the oral settlement agreement reached on April 26, 2011, and the terms of which are established and evidenced in accordance with the transcript of the settlement hearing (Doc. 41).

---

[10] One court found that it had the discretion to award attorney's fees but declined to do so at the time because the defendants had decided not to pursue attorney's fees and the record was not developed as to whether the plaintiff had acted in bad faith. *See Res. Assoc. Grant Writing & Evaluation Servs., LLC v. Mayberry*,, at *3-5 (D. N.M. May 29, 2009). The other court awarded attorney's fees but awarded those fees, in part, because the defendant's conduct satisfied the definition of bad faith under the Louisiana civil code. *See Huntwise, Inc. v. MAT Sports, LLC*, 2009 WL 1120393, at *1-2 (D. Colo. Apr. 27 2009).

**IT IS SO ORDERED**.

Dated this 15th day of June, 2011.

                                              ERIC F. MELGREN
                                              UNITED STATES DISTRICT JUDGE