# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANNETTE TINDALL,

    *Plaintiff*,

vs.

FREIGHTQUOTE.COM, INC.,

    *Defendant.*

Case No. 10-2364-EFM

## MEMORANDUM AND ORDER

Plaintiff Annette Tindall filed suit against Defendant Freightquote.com, Inc. in July 2010. On April 26, 2011, the parties participated in a court-ordered mediation, and the parties reached an agreement. Subsequent to the court-ordered mediation, Defendant Freightquote.com, Inc. filed a motion to enforce the settlement. This Court granted Defendant's motion and upheld the settlement agreement that was agreed to on the record (Doc. 66). Plaintiff now seeks reconsideration and reversal of that Order (Doc. 74). In addition, Plaintiff has filed a Motion for Preliminary Injunction (Doc. 72), and a Motion for Leave to Appeal in forma pauperis (Doc. 80). For the reasons stated below, the Court denies Plaintiff's motions.

### Reconsideration Motion (Doc. 74)

Plaintiff first filed her motion for reconsideration and reversal as a motion under Rule 59(e).[1]

---

[1] Doc. 71.

This motion was stricken, and Plaintiff refiled her motion styled as a Rule 60(b)(3) motion.[2] Other than changing the reference to Rule 59(e) and Rule 60(b), Plaintiff's motions are identical.[3] Plaintiff asserts that the standard on a motion to reconsider under Rule 59(e) or Rule 60(b) is whether there is an intervening change in controlling law; the availability of new evidence; or the need to correct clear error or prevent manifest injustice. This is the appropriate standard under Rule 59(e),[4] and Plaintiff's motion is better characterized as a Rule 59(e) motion than a Rule 60(b)(3) motion.[5] As such, the Court will address the motion as one under Rule 59(e).[6]

The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.[7] Plaintiff argues that the Court should reverse its earlier decision because several of the terms in settlement agreement were not previously disclosed.[8] Plaintiff presents an entirely new argument as her previous response to Defendant's motion to enforce the settlement agreement

---

[2] Doc. 74.

[3] In Defendant's response, it references Rule 59(e) standards.

[4] *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[5] "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (quotations and citation omitted). Fed. R. Civ. P. 60(b)(3) allows the court to relieve a party from a final judgment based on fraud, misrepresentation, or misconduct by an opposing party. "Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (citation omitted).

[6] A district court is not bound by a pro se litigant's characterization of available relief. *Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992).

[7] *Servants of the Paraclete*, 204 F.3d at 1012.

[8] These include: resignation from employment; denial of her rights under the ADEA to consider the settlement agreement for a reasonable period of time; and waiver of certain rights.

hinged on the failure of Defendant's failure to disclose different terms of the settlement agreement.[9] A Rule 59(e) motion is not appropriate if the movant wants the Court to hear new arguments or supporting facts that could have been presented originally.[10] Furthermore, in enforcing the settlement agreement between the parties, the Court reviewed the oral transcript. The Court did not review the written settlement agreement. Ultimately, the Court determined that the terms of the settlement agreement were established and evidenced in accordance with the transcript of the settlement hearing. As such, the parties' discussion as to the specific terms of the written settlement agreement is outside what the Court reviewed in deciding that the parties had reached a settlement agreement.

Plaintiff does not direct the Court to any intervening change in the law, new evidence, or manifest injustice warranting reconsideration or relief from the Court's previous ruling. In addition, because the Court upholds its previous Order that the parties reached a settlement agreement on the record, the terms of which required Plaintiff to resign her employment, Plaintiff's motion for preliminary injunction is denied as moot.[11]

## In Forma Pauperis Motion (Doc. 80)

On June 30, 2011, Plaintiff also filed a Motion for Leave to Appeal in forma pauperis (Doc. 80).[12] Rule 24 of the Federal Rules of Appellate Procedure requires the party to attach to her motion an affidavit that "(A) shows in detail prescribed by Form 4 of the Appendix of Forms the

---

[9]These include: restoration to her former position; a monetary demand; and the payment of attorney's fees.

[10]*See Servants of the Paraclete*, 204 F.3d at 1012.

[11]Plaintiff sought a preliminary injunction seeking to enjoin Defendant from having its records reflect that Plaintiff's employment with Defendant ended by resignation effective June 3, 2011.

[12]Plaintiff filed a Notice of Appeal in the Tenth Circuit on June 29, 2011. The Tenth Circuit abated her appeal pending this Court's entry of an order disposing of Plaintiff's Rule 60(b)(3) motion.

party's inability to pay or give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."[13]  Plaintiff did not attach the necessary financial affidavit.  The financial affidavit, with the accompanying form, is available online. As such, Plaintiff's motion is denied without prejudice to refiling with the appropriate financial documentation.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion for Reconsideration and Reversal (Doc. 74) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 72) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 80) is **DENIED WITHOUT PREJUDICE** to refiling within the next 30 days with the appropriate documentation.

**IT IS SO ORDERED**.

Dated this 31st day of August, 2011.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13]Form 4 of the Appendix of Forms requires a party to give detailed financial information.